UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TRADEMARK MEDICAL, LLC, | ) ) ) ) |  |
| Plaintiff, | ) ) | No. 4:12-CV-1890-JAR |
| v. | ) ) ) |  |
| BIRCHWOOD LABORATORIES, INC., | ) ) ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Birchwood Laboratories, Inc.'s Motion to Compel Production of Documents from Plaintiff Trademark Medical, LLC. (Doc. No. 44) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part and denied in part.

This lawsuit involves breach of warranty claims brought by Trademark Medical, LLC ("Trademark Medical") against Birchwood Laboratories, Inc. ("Birchwood") regarding a recall of Trademark Medical's Plak-Vac Oral Care System kits ("oral care kits"). Birchwood was a component manufacturer of mouthwash packets for Care Line, Inc. ("Care Line"), the company that packaged and assembled the recalled oral care kits.[1] Trademark Medical alleges damages resulting from the expense of the recall, loss of business from sales of its oral care kits, loss of existing contracts and lost revenues, and lost goodwill in the marketplace. (First Amended Complaint ("FAC"), Doc. No. 14, ¶ 23)

---

[1] Care Line was added as a third-party defendant on Birchwood's unopposed motion. (Doc. No. 39) Birchwood subsequently dismissed its third-party complaint against Care Line without prejudice. (Doc. No. 62)

Birchwood seeks to compel Trademark Medical to produce company financials and sales reports by product that it contends are relevant and necessary to respond to Trademark Medical's damages claims, as well as emails regarding Care Line and the FDA recall. Birchwood also requests its fees and costs incurred in attempting to obtain this information pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). In support of its motion, Birchwood argues that records of profits related to sales of Trademark Medical's other products are relevant because they might establish cycles in Trademark Medical's general sales or show sales that replaced those alleged to have been lost, which is relevant to mitigation of damages. Records of other sales also relate directly to Trademark Medical's claim that its reputation in the market was damaged by the recall. (Mem. in Supp., Doc. No. 45, pp. 9-12)

Birchwood further claims to have knowledge, through discovery directed at Care Line, that there are in fact relevant emails with and regarding Care Line which were not included in Trademark Medical's production. (Id., p. 14) Birchwood argues that Trademark Medical should be compelled to conduct a full search of email records for documents responsive to its requests, including at a minimum searches for the keywords "FDA," "Care Line," "John Love," and "Chris Segars." (Id., pp. 13-14)

In response, Trademark Medical states it has complied with Birchwood's discovery requests as they relate to the adult oral care kit product line, but that any documentation concerning profits and loss of other product lines or business reputation in general is not relevant, citing Hanes v. Twin Gable Farm, Inc., 714 S.W.2d 667 (Mo.Ct.App. 1986). (Response, Doc. No. 52, p. 2) In Hanes, the plaintiff, a cattle farmer, sued the defendant for fraudulent misrepresentation in the sale of a sterile bull. Id. at 668. At trial, the plaintiff presented evidence that, as a result of the bull's sterility, thirty-seven of his cows did not become pregnant during breeding season, resulting in a lost "calf crop" and corresponding loss of profits. Id. at

669. With regard to damages, the plaintiff testified to the price and weight of calves at weaning time and the market price in the breeding season at issue, when the calves would have been sold. Id. The Hanes court held that because the plaintiff's loss was "directly traceable and flowed from defendant's wrongful act in selling the sterile bull," it was not necessary for plaintiff "to show his entire farming income and expenses." Id. at 670.

Birchwood replies that the fact that Trademark Medical does not intend to use any of the requested information in support of its own case at trial does not lessen the relevance its financial documents have to Birchwood's own claims and defenses. (Reply, Doc. No. 53, pp. 2-4, 6) In addition, Trademark Medical fails to present a specific objection to Birchwood's request for emails relating to Care Line and the FDA recall. (Id., pp. 7-8) Finally, Birchwood argues it is entitled to attorney's fees for Trademark Medical's unjustified refusal to produce the requested documents. (Id., pp. 9-10)

Under Missouri law generally, anticipated profits of a commercial business are too remote and speculative to warrant their recovery. Independent Business Forms, Inc. v. A-M Graphics, Inc., 127 F.3d 698, 703 (8th Cir. 1997) (citing Coonis v. Rogers, 429 S.W.2d 709, 714 (Mo.1968)). That said, anticipated profits may be recovered when "they are made reasonably certain by proof of actual facts, with present data for a rational estimate of their amount." Id. (quoting Coonis, 429 S.W.2d at 714). To recover lost profits, a party must produce evidence that provides an adequate basis for estimating the lost profits with reasonable certainty. Ameristar Jet Charter, Inc. v. Dodson International Parts, Inc., 155 S.W.3d 50, 54 (Mo. 2005) (citing Meridian Enters. Corp. v. KCBS, Inc., 910 S.W.2d 329, 331 (Mo.Ct.App. 1995).

When an entire business is damaged, it makes sense to require proof of past profitability because that information helps determine the profit that the business would have generated in the

future absent the damage. However, where a loss pertains to a portion of the business, it is not necessary to calculate "such financial loss to encompass all phases of one's business and all elements of one's other business assets." Orr v. Williams, 379 S.W.2d 181, 190 (Mo.Ct.App. 1964). In Orr, the owner of a damaged tractor-trailer unit sued for the loss of use of the truck while it was being repaired. He testified regarding the weekly earnings of the tractor-trailer outfit based on several years' experience, the average weekly trips made, his estimate of the operating costs per week and the net profit lost while awaiting completion of repairs." Id. at 190. Defendant objected to plaintiff's testimony on grounds of relevance, arguing that the proper measure of damages for loss of profits is the loss to one's entire business as opposed to a single truck. Id. at 189. The court rejected defendant's argument, finding "no convincing authorities requiring a calculation of such financial loss to encompass all phases of one's business and all elements of one's other business assets." Id. at 190. See also, All Star Amusement, Inc. v. Jones, 727 S.W.2d 930, 932 (Mo.Ct.App. 1987) (recognizing that "it is not necessary to show the income and expenses of the entire business where only a portion thereof has been lost"); Hanes, 714 S.W.2d at 670 ("The failure of the 37 cows to conceive, and the loss of the calf crop and profits therefrom, was directly traceable to and flowed from defendant's wrongful act in selling the sterile bull. It was not necessary, as defendant contends, for plaintiff to show his entire farming income and expenses. His loss was only applicable to a portion thereof—the loss of the calf crop and the profit thereof."). Because Trademark Medical has limited its claim for lost profits and goodwill to just one of its product lines – the adult oral care kits – the Court will limit the scope of discovery, as well as the evidence of Trademark Medical's damages, accordingly. Thus, with respect to Birchwood's requests for production numbers 39 through 44, the motion to compel will be denied. This does not obviate Trademark Medical's duty to supplement its

responses with the documents used to calculate its damages. In the event those documents broaden the scope of discovery beyond the adult oral care kit product line, then the Court will reconsider Birchwood's motion.

Trademark Medical has not addressed Birchwood's arguments regarding its request for emails relating to Care Line and the FDA recall.  Birchwood's requests are clearly relevant to issues in this case and well within the scope of discovery under Rule 26. Birchwood has demonstrated its factual basis for believing that emails responsive to its requests exist, but have not been produced. Thus, the Court will compel Trademark Medical to conduct and document searches of its email records for emails that are responsive to Birchwood's requests as they relate to the adult oral care kits.

Birchwood contends that no justification exists for Trademark Medical's failure to comply with its discovery requests and asks the Court to order Trademark Medical to pay its attorney's fees and costs incurred in bringing the instant motion. (Doc. No. 45, p. 15) Under Rule 37, if a motion to compel is granted, a court "shall" require a party whose conduct necessitated the motion to pay the expenses incurred in procuring the order to compel, unless the court finds that opposition to the motion was "substantially justified." Fed. R. Civ. P. 37(a)(4).  See, Dykes v. Mitchell, 2008 WL 544983, at *1-2 (E.D.Mo. Feb. 26, 2008). There is no clear standard regarding what constitutes "substantial justification," and courts must exercise discretion when considering whether objections to a motion to compel are substantially justified. Handi-Craft Co. v. Action Trading, S.A., 2003 WL 26098543, at *12-13 (E.D.Mo. Nov. 25, 2003). See Brown v. State of Iowa, 152 F.R.D. 168, 174 (S.D.Iowa 1993) ("substantial justification" has been said to be satisfied "if there is a 'genuine dispute,' … or 'if reasonable people could differ' "as to the propriety of the objection.") (internal quotations omitted).  In this case the Court finds that

Trademark Medical's objections to the motion to compel are genuine, that reasonable minds could differ as to the objections, and that such objections are therefore substantially justified. Thus, Birchwood's request for attorney's fees and costs in connection with its motion to compel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Birchwood Laboratories, Inc.'s Motion to Compel Production of Documents from Plaintiff Trademark Medical, LLC [44] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that on or before **October 11, 2013**, Plaintiff Trademark Medical LLC shall conduct additional searches for documents responsive to requests number 2 and 4 of Birchwood's First Set of Requests for Production of Documents, reflecting correspondence with or regarding Care Line, Inc. and the FDA recall of Trademark Medical's adult oral care kits. Trademark Medical shall conduct these searches of its email using at least the following search terms: "FDA," "Care Line," "John Love," "Chris Segars," and produce all documents provided by these searches that are responsive to the above or any other of Birchwood's document requests by **October 18, 2013**.

**IT IS FURTHER ORDERED** that with respect to Birchwood's First Set of Requests for Production of Documents numbers 39 through 44, the motion to compel is **DENIED**.

**IT IS FURTHER ORDERED** that Birchwood's request for fees and costs incurred in connection with its motion to compel is **DENIED**.

                                             */s/ John A. Ross*
                                             **JOHN A. ROSS**
                                             **UNITED STATES DISTRICT JUDGE**

Dated this 4th day of October, 2013.