UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRADEMARK MEDICAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-1890 JAR |
| | ) |
| BIRCHWOOD LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to File Second Amended Complaint (Doc. No. 77) and Motion for Leave to Supplement Plaintiff's Motion for Leave to Amend Pursuant [sic] Local Rule 7-4.01.[1] (Doc. No. 85)

**I.      Background**

On August 20, 2012, Plaintiff Trademark Medical, LLC ("Trademark Medical"), filed its original complaint against Defendant Birchwood Laboratories, Inc. ("Birchwood"), in the Circuit Court of St. Louis County, Case No. 12SL-CC03176, alleging causes of action for strict liability (Count I), failure to warn (Count II), and negligence (Count III), arising from a recall of Trademark Medical's Plak-Vac Oral Care System kits ("oral care kits"). Birchwood removed the case on October 17, 2012 based on diversity, 28 U.S.C. §§1332, 1441. (Doc. No. 1) After removing to federal court, Birchwood moved on October 24, 2012 to dismiss the complaint as barred by the economic loss doctrine. (Doc. No. 7) In response, Trademark Medical filed its First

---

[1] Local Rule 7-4.01(A) requires the moving party to "file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." In addressing the pending motion to file a second amended complaint, the Court has considered Trademark Medical's supplemental memorandum of law, and will therefore grant Trademark Medical's motion for leave to supplement its motion.

Amended Complaint on November 26, 2012, alleging three warranty claims under the UCC and four additional torts (negligence, negligent misrepresentation, fraudulent misrepresentation, and res ipsa loquitur). (Doc. No. 14) In Count VI, fraudulent misrepresentation, Trademark Medical alleged that Birchwood "represented to its distributors and/or customers, including Trademark Medical, that the mouthwash was safe for use including for use in the Plak-Vac Oral Care System which defendant knew would be sold to medical providers and their patients for patient oral care." (First Amended Complaint ("FAC"), Doc. No. 14, ¶ 53) Trademark Medical alleged damages resulting from the expense of the recall, loss of business from sales of its oral care kits, loss of existing contracts and lost revenues, and lost goodwill in the marketplace. (Id., ¶ 23)

On December 21, 2012, Birchwood moved to dismiss Counts IV-VII of the First Amended Complaint again on the grounds that the tort claims were barred by the economic loss doctrine. (Doc. No. 19) After Birchwood filed its motion, Trademark Medical voluntarily dismissed those claims from the case, including its fraudulent misrepresentation claim. (Doc. No. 29) Birchwood's motion to dismiss was denied as moot in light of Trademark Medical's voluntary dismissal. (Doc. No. 28)

On February 6, 2013, the Court entered a case management order consistent with the joint proposed scheduling plan filed and agreed to by the parties, requiring all motions for amendment of pleadings to be filed no later than June 1, 2013. (Doc. No. 31)

On February 4, 2014, Trademark Medical filed a motion for leave to amend its First Amended Complaint to add a claim for punitive damages. (Doc. No. 71) Trademark Medical withdrew its motion on February 10, 2014 to address issues raised in discussions with Birchwood's counsel. (Doc. No. 73)

On March 7, 2014, one month after the close of fact discovery and just prior to the

deadline for summary judgment, Trademark Medical again filed a motion for leave to file a Second Amended Complaint, this time seeking to add a claim for fraudulent misrepresentation and a claim for punitive damages, while dropping its claim for breach of implied warranty of merchantability. (Doc. No. 77)

Birchwood opposes Trademark Medical's motion, arguing that (1) allowing it to amend its complaint would be futile, and (2) Trademark Medical has failed to show good cause for leave to amend after the June 1, 2013 deadline set forth in the Case Management Order.

## II. Legal standard

Motions to amend pleadings implicate the standards for leave to amend under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. See Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *2 (E.D.Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008).

Where a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must show "good cause" in order to be granted leave to amend. Fed.R.Civ.P. 16(b)(4). See also Nine v. Williams, 2012 WL 3815627, at *2 (E.D.Mo. Sept. 4, 2012). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman, 532 F.3d at 716 (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir.2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider

prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)). Whether to grant a motion for leave to amend is within the discretion of the Court. Nadist, LLC v. Doe Run Resources Corp., 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009).

### III. Discussion

#### A. Futility

##### 1. Fraudulent misrepresentation claim

A court may properly deny a motion to amend a pleading if the amendment would be futile. Popoalii v. Corr. Med. Servs., 512 F .3d 488, 497 (8th Cir.2008) (citing Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir.2003)). An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Lexington Ins. Co., 2011 WL 5330744, at *2 (quoting Bakhtiari v. Beyer, 2008 WL 3200820, *1 (E.D.Mo.2008)). In turn, a motion to dismiss may only be granted if, taking all facts alleged in the complaint as true, and construing the complaint liberally in the light most favorable to the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Carpenter Outdoor Adver. Co. v. City of Fenton, 251 F.3d 686, 688 (8th Cir.2001).

Birchwood argues Trademark Medical's claim for fraudulent misrepresentation is futile because the economic loss doctrine prohibits a commercial buyer of goods "from seeking to recover in tort for economic losses that are contractual in nature," citing Dannix Painting LLC v. Sherwin-Williams Co., 732 F.3d 902, 905-06 (8th Cir. 2013). (Doc. No. 83, pp. 6-8) Birchwood further argues that Trademark Medical has not pled its fraud claim with particularity pursuant to Rule 9(b). (Id., pp. 8-9) Finally, Birchwood contends that Trademark Medical's punitive

damages claim is futile because punitive damages are not supported by claims under the UCC, and Trademark Medical has not pled a valid independent tort. (Id., pp. 9-12)

The economic loss doctrine prohibits a plaintiff from seeking to recover in tort for economic losses that are contractual in nature. "The doctrine was judicially created to protect the integrity of the UCC bargaining process; it prevents tort law from altering the allocation of costs and risks negotiated by the parties." Self v. Equilon Enterprises, LLC, 2005 WL 3763533, at *8 (E.D. Mo. Mar. 30, 2005) (quoting Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 882 (8th Cir. 2000). Some Missouri courts have recognized specific exceptions to the economic loss doctrine in cases involving a fiduciary relationship or negligence in providing professional services. Bruce Martin Construction, Inc. v. CTB, Inc., 2012 WL 718624, at *3 (E.D. Mo. Mar. 6, 2012). Another recognized exception applies where the defendant breached a public duty. Id. See also Dannix, 2012 WL 6013217, at *2 (and cases cited therein). The instant case does not fall within any of these recognized exceptions.

Missouri courts have not addressed the application of the economic loss doctrine to fraud claims.[2] Self, 2005 WL 3763533 at *8-11. In a case in this district, United States Magistrate Judge Terry I. Adelman conducted an extensive review of Missouri and Eighth Circuit law on the economic loss doctrine. Self, 2005 WL 3763533 at *8-11. Based on his review, Judge Adelman found that under Missouri law, "a fraud claim to recover economic losses must be independent of the contract or such claim would be precluded by the economic loss doctrine." Id.

---

[2] For purposes of this motion, Birchwood has assumed that Missouri law applies (Doc. No. 83, p. 2 n.1), but notes that under both Minnesota and Missouri law, where a plaintiff has suffered only economic loss, a fraud claim is barred by the economic loss doctrine unless the plaintiff can show that the fraud claim is independent and distinct from the plaintiff's contract or UCC claim. (Doc. No. 90, p. 3)

at *11. See also, Zoltek Corporation v. Structural Polymer Group, Ltd., 2008 WL 4921611, at *4 (E.D. Mo. Nov. 13, 2008), where the court found that a fraud claim "is not outside or collateral to the [contract] and thus is barred by the economic loss doctrine." Two key factors in examining whether a fraud claim is independent of a contract claim under the economic loss doctrine are: (1) whether the subject matter of the alleged misrepresentations was incorporated into the parties' contract; and (2) whether the plaintiff suffered additional damages outside the contract as a result of the alleged fraud. Compass Bank v. Eager Road Associates, LLC, 922 F.Supp.2d 818, 827 (E.D.Mo. 2013) (internal citations omitted).

With respect to the first factor, Trademark Medical alleges that Birchwood represented its "mouthwash would be mixed with purified water and was safe for use." (Second Amended Complaint, Doc. No. 77-1, ¶ 55) Where the representation concerns the quality or safety of the goods sold, the Eighth Circuit has held that the economic loss doctrine bars the fraud claims because they are "substantially redundant" with warranty claims. Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 223 F.3d 873, 885 (8th Cir. 2000). Here, the only fraud Trademark Medical alleges arises out of the same facts that serve as the basis for its breach of warranty claims.

Trademark Medical's reliance on R.W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d 818 (8th Cir. 1983), is misplaced. There, the plaintiff supplier of glass panels used in the construction of an office building sued the manufacturer for negligence, misrepresentations, and breaches of contracts and warranties arising from defects in the panels. Although the court found plaintiff's negligence claim barred by the economic loss doctrine, it permitted the fraud claim, characterized as a claim for fraudulent inducement to enter a contract, to proceed. Unlike Shatterproof, Trademark Medical has alleged fraudulent misrepresentation, not fraudulent

inducement. Courts generally agree that fraud in the inducement, necessarily prior to the contract, is independent of the contract and therefore not barred by the economic loss doctrine. See Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 223 F.3d 873, 885 (8th Cir. 2000).

With respect to the second factor, Trademark Medical argues its alleged damage to business reputation and goodwill is "above and beyond" damage to the oral care kits themselves, citing Laidlaw Waste Sys. v. Mallinckrodt, Inc., 925 F.Supp. 624 (E.D. Mo. 1996). In Laidlaw, plaintiffs, owners of a landfill site, brought an action against defendants, shippers of waste to the landfill, which was later discovered to be hazardous, seeking damages under various tort theories for permanent damage to their real property. Defendants moved to dismiss plaintiffs' tort claims on the grounds that plaintiffs were improperly seeking to recover for economic losses arising out of a contractual relationship. The court concluded that the economic loss doctrine did not bar plaintiffs' tort claims because they alleged damage to other property, specifically, the landfill site. Id. at 635 ("Plaintiffs clearly assert claims for damage above and beyond any mere disappointed commercial expectations or desire to enjoy the benefit of their alleged agreement with defendants.").

Laidlaw is not dispositive given that under the applicable law, the economic loss doctrine encompasses consequential economic loss such as loss of profits and loss of good will or business reputation. Glaxosmithkline Consumer Healthcare, L.P. v. ICL Performance Products LP, 2008 WL 880173, at *3 (E.D. Mo. Mar. 31, 2008) (quoting 1 James J. White and Robert R. Summers, *Uniform Commercial Code*, § 11-6 at 751 (5th ed. 1996)).

For these reasons, Trademark Medical's fraud claim fails to state a claim on which relief can be granted and the Court concludes it would be futile to allow Trademark Medical to assert it in an amended pleading. Having determined the claim is futile, the Court will not address

Birchwood's argument that it was not pled with the particularity required by Fed.R.Civ.P. 9(b).

**2. Punitive damages claim**

Under Missouri law, remedies for economic loss sustained by reason of damage to or defects in products sold are limited to those under the warranty provisions of the UCC. Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 130-31 (Mo. 2010) (citing Wilbur Waggoner Equipment & Excavating Co. v. Clark Equipment Co., 668 S.W.2d 601, 602 (Mo.Ct.App.1984)). The UCC makes no provision for exemplary or punitive damages, providing only for the recovery of "incidental and consequential" damages. Mo.Rev.Stat. § 400.2-714(2); Mo.Rev.Stat. § 400.2-715. See also Novosel v. Northway Motor Car Corp., 460 F. Supp. 541 (N.D. N.Y. 1978); Sims v. Ryland Group, Inc., 37 Md. App. 470, 378 A.2d 1 (1977); Bryan Const. Co., Inc. v. Thad Ryan Cadillac, Inc., 300 So. 2d 444 (Miss. 1974). Because the UCC does not provide for punitive damages as a remedy for breach of warranty, and because Trademark Medical has not pled a valid independent tort, its claim for punitive damages also fails.

**B. Good Cause**

The Court further finds that Trademark Medical has not demonstrated good cause for failing to comply with the June 1, 2013 deadline for filing motions for amendment of pleadings set forth in the Case Management Order. To explain its failure to timely assert these claims, Trademark Medical states that during the course of recently completed discovery (December 30, 2013) it uncovered facts that required the pleading of additional counts. (Doc. No. 86, p. 3) It does not specify what new facts were uncovered in the depositions of Birchwood's fact witnesses or through additional production of documents that it was previously unaware of, or why it was unable to plead a claim for fraudulent misrepresentation until discovery of these documents.

Indeed, Trademark Medical pled a claim for fraudulent misrepresentation in November 2012 without the benefit of any documents or testimony it claims not to have discovered until more than a year later. Moreover, discovery is closed and Birchwood has moved for summary judgment. The case is currently set for trial in September.

As the Court has found Trademark Medical's proposed amendment to be futile, no prejudice will result from denying it leave to file a second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Supplement Plaintiff's Motion for Leave to Amend Pursuant [sic] Local Rule 7-4.01 [85] is **GRANTED** and Plaintiff's Motion to File Second Amended Complaint [77] is **DENIED**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of May, 2014.